JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336/Fax: (702) 388-6787
Tony.lopez@usdoj.gov

CAROLYN F. RICE
CHARLES B. DUNN
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC  20044
Tel: (202) 451-7769; Fax: (202) 514-8742
Carolyn.F.Rice@usdoj.gov
Charles.B.Dunn@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-0015-JCM-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| KIMBERLY STAMPS, | |
| JOHN KYLE MULLER, and | |
| BARBARA TRICKLE, | |
| Defendants. | |

The United States, by and through its counsel of record, and defendants Kimberly Stamps, John Kyle Muller, and Barbara Trickle, by and through their

undersigned counsel (collectively, hereinafter "the parties"), respectfully move for entry of a Protective Order governing discovery provided to the defendants in this matter in accord with the following Stipulation.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license number, private financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI");

Whereas, the parties recognize that discovery in the above-captioned case is voluminous and includes thousands of documents and other evidence containing PPI;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party;

Whereas, the parties recognize that federal law extends protections to materials that are subject to attorney client privilege and/or work product privilege;

Whereas, the government asserts that the trial attorneys and investigators for the government ("the Prosecution Team") submitted discovery materials for review by a government filter team, and the filter team withheld some materials from the Prosecution Team as potentially privileged;

Whereas, the government asserts that none of the members of the Prosecution Team have reviewed those potentially privileged materials or are aware of their contents;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate disclosure of privileged materials to the Prosecution Team or other parties;

Now, therefore, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery as set forth below and jointly request that the Court approve this agreement as a Federal Criminal Rule 16(d)(1) and a Federal Rule of Evidence 502(d) Protective Order governing discovery.

### Discovery Generally

1. All materials provided as discovery by the government, including, but not limited to, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the government other than trial exhibits (*i.e.*, items actually admitted during the trial and made part of the record), in

preparation for or in connection with any stage of the proceedings in this case, including pre-indictment, shall be referred to as "Discovery Materials."

2. The government may produce Discovery Materials to the defendants without redacting PPI.

3. Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted to the defendants, attorneys for the defendants, and any agents, contractors, or employees acting on behalf of the defendants and their attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

4. Attorneys for the defendants will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

5. Except when carrying out duties or when acting on behalf of the defendants and their attorneys in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

    a. grant or permit access to Discovery Materials by any non-Authorized Person.

    b. allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

    c. distribute any Discovery Materials, by any means, to any non-Authorized Person.

    d. use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

    e. use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

    f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

6. An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials. Unless otherwise authorized by the Court, upon conclusion of the above-captioned matter, the defendant's attorney shall return any and all copies of Discovery Materials to the attorneys for the United States, or provide them with written certification that the Discovery Materials have been destroyed.

7. Nothing in the agreement shall be deemed an admission of the evidentiary or admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

**Additional Terms Related to Potentially Privileged Materials**

9.     In addition to the terms set forth above, the parties agree that the disclosure of potentially privileged materials segregated by the government filter team shall be governed by additional terms under Fed. R. Evid. 502(d).  This protective order under Rule 502(d) will constitute authority for the defendants to examine the entirety of the discovery in this case without (1) forfeiting any claim of privilege held by one or more of the co-defendants, and (2) to do so without tainting the Prosecution Team.

10.    No Authorized Person shall use at trial or disclose to the Prosecution Team any potentially privileged materials provided to them by the government filter team unless the Court first approves such use or disclosure on motion filed at least 21 days in advance of trial.  Any such motion shall redact any potentially privileged material and have a sealed, unredacted version filed with the Court and served only upon the government filter team attorneys.

11.    The parties further agree that provision of any potentially privileged materials in discovery does not thereby render such materials admissible in any trial of this matter—the Court's order under Rule 502(d) governs disclosure of these potentially privileged materials without constituting a waiver of privilege, but makes no determination on authenticity, relevance, or admissibility.

12.    The government filter team shall produce all Discovery Materials that were withheld from the Prosecution Team as potentially privileged directly to all three defendants, to avoid any inadvertent disclosure to the Prosecution Team.

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

JASON M. FRIERSON                                3/1/2023_____
United States Attorney                                   Date

/s/ Tony Lopez
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336/Fax: (702) 388-6787
Tony.lopez@usdoj.gov


/s/ Carolyn F. Rice                                     3/1/2023_____
CAROLYN F. RICE                                          Date
CHARLES B. DUNN
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC  20044
Tel: (202) 451-7769; Fax: (202) 514-8742
Carolyn.F.Rice@usdoj.gov
Charles.B.Dunn@usdoj.gov


 /s/ Katherine Tanaka                                  2/28/23_____
KATHERINE TANAKA                                         Date
BRIAN PUGH
Counsel for Defendant
KIMBERLY STAMPS


RICK KORNFELD                                          2/28/2023_____
KELLY PAGE                                               Date
Counsel for Defendant
JOHN KYLE MULLER

_____  
LAURIA LYNCH-GERMAN  
Counsel for Defendant  
BARBARA TRICKLE

2/28/23  
Date

IT IS SO ORDERED.

_____  
Cam Ferenbach  
United States Magistrate Judge

DATED  3-1-2023  _____