JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
tony.lopez@usdoj.gov

CAROLYN F. RICE
CHARLES B. DUNN
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 451-7769; Fax: (202) 514-8742
Carolyn.F.Rice@usdoj.gov
Charles.B.Dunn@usdoj.gov

Attorney for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-0015-JCM-JCF |
| Plaintiff, | **GOVERNMENT'S MOTION TO ADOPT PROPOSED COMPLEX CASE SCHEDULE** |
| v. | |
| KIMBERLY STAMPS, JOHN KYLE MULLER, and BARBARA TRICKLE, | |
| Defendants. | |

Pursuant to Local Rule 16-1, the United States, by and through the undersigned, moves this Court to adopt the attached proposed Complex Case Schedule for the reasons

set forth below. After consultation between February 22, 2023 and March 1, 2023, counsel for Defendants Muller and Trickle agree with the provisions of the proposed order; however, counsel for Defendant Stamps do not agree.

1. <u>Complex Case</u>: The United States asserts that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

   a. The discovery in this matter consists of hundreds of thousands of pages of records and documents from numerous sources. The investigation encompassed activity in multiple districts, and the conduct alleged in the Indictment overlaps with various other matters of investigative activity.

   b. The fraud scheme alleged in the Indictment is complex because it involves activity across many years in disparate locations, and financial records and data that will take significant time for the defense to review and adequately prepare for pretrial motions and trial.

2. <u>Trial Date</u>: The United States expects discovery to be produced as set forth below, and while the United States hopes to reach an agreement with Defendants as to a proposed trial date, counsel for the defendants are not in informed positions to set a trial date now, as they have not yet received, much less reviewed, that discovery. Accordingly, the United States requests that the Court: (i) set a status conference at a time and date of the Court's choosing in September 2023, (ii) permit the parties to appear telephonically at that status conference, (iii) vacate the trial date of April 24, 2023 for all defendants, and (iv)

set a trial date at the September 2023 status conference. The United States anticipates, at this time, it will need no more than three weeks to present its case-in-chief.

3. <u>Excluded Time</u>: The United States requests that all time from the entry of Defendants' pleas in this case until the status conference in September 2023 is excluded under Title 18, United States Code, Section 3161(h)(7)(A) because the ends of justice outweigh the interests of the public and defendants in a speedy trial.

4. <u>Pretrial Motions</u>: The United States proposes the following motions schedule in its order:

    a. All pretrial motions (including motions in limine) shall be due one hundred twenty (120) days before the trial date to be set by the Court;

    b. They shall have twenty-eight (28) days after the filing of a pretrial motion within which to file all responsive pleadings;

    c. They shall have twenty-one (21) days after the filing of a responsive pleading within which to file any replies.

    d. Motions deadlines shall be subject to modification by court-approved stipulation or court order.

5. <u>The Parties' Discovery Obligations</u>:

    a. The parties have agreed that discovery shall be subject to a protective order, to protect the privacy of persons the United States alleges are crime victims as reflected in the Indictment, and for other reasons, including the safeguarding of potentially privileged information. The parties filed a stipulated proposed protective order on March 1, 2023.

    b. The United States shall begin providing its Rule 16 disclosures to the defendants within fourteen (14) days of the Court's order on the proposed protective order,

and, consistent with its ongoing discovery obligations, turn over additional materials as they become available. The United States will affirmatively produce discovery of certain original electronic evidence and other documents in load-ready format loaded onto hard drives, will produce original-evidence database(s) as copies of the database(s), and for smaller productions, will provide discovery via file transfer. The United States will provide an inventory of non-electronic original evidence; non-electronic original evidence will be made available for inspection and copying by arrangement with counsel for the individual defendants.

      c. The United States shall conduct keyword searches in databases for investigations it knows to bear some association to the scheme set forth in the Indictment and will produce or make available resulting discovery, with the exception of a database related to a Canadian payment processor, which will be made available for inspection in Washington, D.C. The United States invites defense counsel to provide additional terms for such searches at their discretion on or before June 30, 2023, which date will be extended on request of defense counsel, with the understanding that the date of production of discovery from associated investigations will be similarly extended.

      d. Certain evidence was subject to filter procedures to ensure that privileged materials—if any—were not available to the investigation and prosecution teams. Discovery of any such materials will be made by the government filter team to the defendants. The production will be subject to the provisions of the proposed protective order referenced above.

      e. The Defendants' reciprocal Rule 16 disclosures, specifically including disclosures related to expert witness testimony and notices of defenses (including any advice-of-counsel defense), shall be made no later than on or before one hundred and

twenty (120) days before the date set for trial by this Court, to allow for sufficient trial preparation.

WHEREFORE, the United States respectfully requests that the Court enter the attached Scheduling Order addressing these issues and such other issues as the Court deems appropriate.

Dated this 1st day of March 2023.

Respectfully submitted,

/s/ *Richard Anthony Lopez*
_____
RICHARD ANTHONY LOPEZ
Assistant United States Attorney


/s/ *Carolyn F. Rice*
_____
CAROLYN F. RICE
CHARLES B. DUNN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-0015-JCM-JCF |
| Plaintiff, | **[PROPOSED] FINDINGS AND ORDER ESTABLISHING COMPLEX CASE SCHEDULE** |
| v. | |
| KIMBERLY STAMPS, JOHN KYLE MULLER, and BARBARA TRICKLE, | |
| Defendants. | |

This matter coming before the Court on the United States' motion to adopt its Proposed Complex Case Schedule, the premises therein considered, and good cause showing, the Court orders as follows:

1. <u>Complex Case</u>: This is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii). Failure to grant a continuance of these proceedings would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

2. <u>Trial Date:</u> The trial setting of April 24, 2023 is hereby vacated. The Court shall set a status conference in September 2023 at a time and date to be determined, during which the Court will discuss with the parties the status of discovery, motion practice, and a trial date.

3. <u>Excluded Time</u>: The time from the entry of Defendants' pleas in this case until the status conference in September 2023 is excluded under Title 18, United States Code,

Section 3161(h)(7)(A) because the ends of justice outweigh the interests of the public and defendants in a speedy trial.

4. Pretrial Motions:

a. All pretrial motions (including motions in limine) shall be due one hundred twenty (120) days before the trial date to be set by the Court;

b. Responses shall be due twenty-eight (28) days after the filing of a pretrial motion;

c. Replies shall be due twenty-one (21) days after the filing of a response.

d. Motions deadlines shall be subject to modification by court-approved stipulation or court order.

5. The Parties' Discovery Obligations:

a. The parties have agreed that discovery shall be subject to a protective order. The parties filed a stipulated proposed protective order on March 1, 2023.

b. The United States shall begin providing its Rule 16 disclosures to the defendants within fourteen (14) days of the Court's order on the proposed protective order, and, consistent with its ongoing discovery obligations, turn over additional materials as they become available. The United States will affirmatively produce discovery of certain original electronic evidence and other documents in load-ready format loaded onto hard drives, will produce original-evidence database(s) as copies of the database(s), and for smaller productions, will provide discovery via file transfer. The United States will provide an inventory of non-electronic original evidence; non-electronic original evidence will be made available for inspection and copying by arrangement with counsel for the individual defendants.

c. The United States shall conduct keyword searches in databases for

investigations it knows to bear some association to the scheme set forth in the Indictment and will produce or make available resulting discovery, with the exception of a database related to a Canadian payment processor, which will be made available for inspection in Washington, D.C. Defense counsel may provide additional terms for such searches at their discretion on or before June 30, 2023, which date will be extended on request of defense counsel to the United States, with the understanding that the date of production of discovery from associated investigations will be similarly extended.

   d. Certain evidence was subject to filter procedures to ensure that privileged materials—if any—were not available to the investigation and prosecution teams. Discovery of any such materials will be made by the government filter team to the defendants. The production also will be subject to the provisions of the protective order.

   e. The Defendants' reciprocal Rule 16 disclosures, specifically including disclosures related to expert witness testimony and notices of defenses (including any advice-of-counsel defense), shall be made no later than on or before one hundred and twenty (120) days before the date set for trial by this Court, to allow for sufficient trial preparation.

IT IS SO ORDERED:

_____   March 3, 2023
THE HONORABLE JAMES C. MAHAN    _____
UNITED STATES DISTRICT JUDGE                Date

<u>Certificate of Service</u>

    I, Carolyn F. Rice, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: PROPOSED COMPLEX CASE SCHEDULE, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said document.

Dated: <u>   March 1   </u>, 2023.

<u>/s/ Carolyn F. Rice</u>
CAROLYN F. RICE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice