UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>KIMBERLY STAMPS,<br><br>　　　　　　　Defendant(s). | Case No.2:23-CR-15 JCM (MDC)<br><br>ORDER |

Presently before the court is defendant Kimberly Stamps' motion to dismiss. (ECF No. 72). The government filed a response (ECF No. 75), to which Stamps replied. (ECF No. 78). For the reasons stated below, the court grants Stamps' motion and dismisses the criminal indictment without prejudice.

I.  **Background**

This action arises out of an alleged global mass-marketing scheme, defrauding victims for more than $15 million using fake notices of sweepstakes prizes. (ECF No. 1). The criminal indictment charges Stamps and two co-defendants with mail fraud, wire fraud, and conspiracy to commit mail fraud and wire fraud. (*Id.*).

On February 15, 2023, Stamps entered a plea of not guilty and a trial date was set for April 24, 2023.[1] (ECF No. 72, at 2). On March 1, 2023, the government filed a proposed complex case schedule asking the court to vacate the April trial date, set a status conference for September 2023,

---

[1] Stamps has been at liberty throughout these proceedings. (ECF No. 75, at 2).

and set a new trial date at the status conference. (ECF No. 39). The court adopted the case schedule over Stamps' objection. (ECF No. 40). However, the status conference was never set, and the parties did not take action to arrange it or request a new trial date from the court.

In April and May 2024, the parties discussed discovery and potential trial dates. (ECF No. 75, at 3). Within hours of a May phone call between the parties, Stamps filed the instant motion to dismiss alleging that the government violated her right to a speedy trial. (*Id.* at 4).

**II.   Discussion**

Stamps now moves to dismiss the indictment on both statutory and constitutional[2] grounds.

A. <u>Speedy Trial Act</u>

A defendant who is not brought to trial within seventy days of her indictment or initial appearance shall have the indictment or information dismissed. 18 U.S.C § 3161(c)(1). The parties agree that Stamps was not brought to trial within seventy days. Therefore, the court finds that Stamps' speedy trial rights under 18 U.S.C § 3161(c)(1) have been violated.

B. <u>Sixth Amendment</u>

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." *Barker v. Wingo*, 407 U.S. 514, 519 (1972). To determine if a Sixth Amendment speedy trial violation occurred, a four-factor test is applied. *Id*. at 530. Those factors are: (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of her speedy trial rights, and (4) prejudice to the defendant. *Id.* "A court balances all four of these factors in a practical, case-by-case analysis under *Barker*." *United States v. Myers*, 930 F.3d 1113, 1120 (9th Cir. 2019) (citation omitted). No single factor is "either a necessary or sufficient condition to the

---

[2] Although Stamps did not include authority as to a Sixth Amendment violation until her reply (ECF No. 78), the court still considers her constitutional challenge.

finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533.  All factors are relevant and "must be considered together with such other circumstances as may be relevant." *Id*.

A defendant "must show that the period between the indictment and trial passes a threshold point of 'presumptively prejudicial' delay." *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (citation omitted).  The defendant must make a showing of prejudice for the court to consider the remaining three *Barker* factors.  *Id*.  Generally, delays approaching one year are presumptively prejudicial.  *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

Stamps' motion argues that the delay is 386 days. (ECF No. 72).  The government argues that the delay is 228 days.  (ECF No. 75).  The Ninth Circuit has found that a delay of approximately six months may trigger an inquiry into the remaining *Barker* factors.  *United States v. Valentine,* 783 F.2d 1413, 1417 (9th Cir. 1986).  The court finds that the delay is close enough to trigger an inquiry into the remaining *Barker* factors, but it does not find that Stamps' Sixth Amendment rights have been violated.[3]

The second *Barker* factor looks to the reason for the delay, which is "the focal inquiry." *United States v. Alexander*, 817 F.3d 1178, 1182 (9th Cir. 2016) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989)).  If "the delay was wholly justifiable because the government proceeded with reasonable diligence," then "the defendant's speedy trial claim generally cannot succeed" without showing that "actual prejudice result[ed] from the delay." *Id*. (citing *Doggett*, 505 U.S. at 656).  "If the government intentionally delayed or negligently pursued the proceedings … prejudice may be presumed." *Id*.

. . .

---

[3] While the actual length of the delay has no bearing as to the court's analysis of the remaining *Barker* factors, the calculations of both parties still meet the threshold delay.

- 3 -

Stamps has not presented evidence that the government intentionally delayed or negligently pursued the proceedings. Here, the government acted with reasonable diligence given the complexity of the case, which involves millions of documents and terabytes of data. (ECF No. 75 at 4). Moreover, it was clear that both parties were not ready for trial up until this motion was filed. (*Id*. at 4-5). Thus, Stamps must show that actual prejudice resulted from the delay.[4] *See Alexander*, 817 F.3d at 1182.

The court finds that Stamps has failed to demonstrate that she has been prejudiced by the delay. Prejudice can be established by showing oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

Stamps has not faced oppressive pretrial incarceration because she has been at liberty throughout the proceedings. (ECF No. 75 at 2).

Second, Stamps argues that she "lives in a state of constant anxiety, which is exacerbated every time the government produces a new batch of discovery." (ECF No. 72 at 11). This conclusory statement is insufficient to show actual prejudice.

Finally, Stamps has not presented any evidence that her defense will be impaired. She acknowledges that this case is complex and involves "hundreds of thousands of pages of additional discovery." (*Id*. at 8). Therefore, the court finds that Stamps' Sixth Amendment right to a speedy trial has not been violated.

C. Dismissal with or without prejudice

However, having found a speedy trial violation under 18 U.S.C § 3161(c)(1), the court

---

[4] Under the third *Barker* factor, Stamps clearly asserted her right to a speedy trial. (ECF No. 72).

must determine whether to dismiss the indictment with or without prejudice. The court will consider, "among others," the following factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to dismissal, and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(2). The phrase "among others" incorporates whether the defendant has been prejudiced by the delay. *United States v. Taylor,* 487 U.S. 326, 333-34 (1988).

Stamps concedes that the charges are "undoubtedly serious" and that the first factor weighs against dismissal with prejudice. (ECF No. 78, at 1). She is charged with conspiracy, mail fraud, and wire fraud. Each charge carries a possible twenty-year sentence and fines of up to $250,000, or twice the gross gain or gross loss from the offense. (ECF No. 75, at 8). Moreover, the defendants allegedly caused over $15 million in losses to many elderly and vulnerable victims. (ECF No. 1 at 2). The serious nature of these charges weighs heavily in favor of dismissal without prejudice.

The analysis of the facts and circumstances of the case which led to dismissal similarly weigh in favor of dismissal without prejudice. While the length of the delay here is significant, it is not enough to warrant dismissal with prejudice. It was clear that both parties were not ready to proceed to trial up until May 2024, and the government took meaningful steps to communicate with Stamps' counsel about discovery and trial dates.[5] (ECF No. 75).

Moreover, Stamps concedes that this case is complex, with discovery including hundreds of thousands of pages. (ECF No. 72 at 8). *See United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010) (holding that the district court's findings that the case was complex and thus the second

---

[5] Further, as discussed below, Stamps has not presented any evidence that the government acted in bad faith.

and third factors warranted dismissal without prejudice was not clearly erroneous). Therefore, the complex nature of this case and the government's technical violation warrant dismissal without prejudice.

Third, reprosecution would not harm the administration of the Speedy Trial Act and the administration of justice, and the court finds no significant concerns because the government did not act in bad faith. *See generally United States v. Medina*, 524 F.3d 974, 988 (9th Cir. 2008). Here, the administration of justice is not served by dismissing the serious charges brought against Stamps with prejudice.

Dismissal with prejudice is not required for every violation. The Supreme Court has held that "dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Taylor,* 487 U.S. at 342. Stamps has failed to demonstrate how reprosecution would harm the administration of the Act or justice.

Finally, the court considers whether the defendant has been prejudiced by the delay. *Id*. at 333-34. Stamps alleges that she has suffered anxiety, damage to her familial relationships, financial harms of retaining continued legal representation, and fear of public criticism that has led her to keeping this prosecution a secret from her friends, family, and employer. (ECF No. 72, at 10-11).

While Stamps may have suffered certain harms, she has not met her burden of proving that she has suffered actual prejudice.[6] Stamps was financially harmed before her indictment, and she is currently represented by a federal public defender. (ECF No. 31). Moreover, Stamps has been

---

[6] Moreover, the court has already found that Stamps has not been prejudiced by the delay in its analysis of the Sixth Amendment violation.

- 6 -

at liberty throughout the proceedings, and she has not provided any evidence that her defense and trial preparation are impacted.

Thus, after considering the factors set forth in 18 U.S.C. § 3162(a)(2), the court dismisses the indictment against Stamps without prejudice.

### III.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Stamps' motion to dismiss (ECF No. 72), be and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the criminal indictment as to Kimberly Stamps (ECF No. 1) is DISMISSED without prejudice.

The government may refile its indictment as to Kimberly Stamps, in accordance with the applicable statutes of limitations and 18 U.S.C. § 3288, if it so chooses.

DATED October 25, 2024.

_____
UNITED STATES DISTRICT JUDGE